D. K. Este Fisher, Jr., and Jean Small Fisher, his wife v. Commissioner.
D. K. Este Fisher, Jr. v. Commissioner
Docket No. 5220.
United States Tax Court
1945 Tax Ct. Memo LEXIS 240; 4 T.C.M. (CCH) 381; T.C.M. (RIA) 45126; April 12, 1945
*240 Edwin F. A. Morgan, Esq., and Bradley T. J. Mettee, Jr., Esq., for the petitioners. Elmer L. Corbin, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: Petitioners seek a redetermination of a deficiency in income tax for 1940 in the amount of $2,421.16. The only questions in issue are the fair market value on November 1, 1930, of a residence in York, Pa., which was sold in 1940 for $37,000, and the allocation between land and buildings on the premises on November 1, 1930. Findings of Fact The petitioners are husband and wife residing at Garrison, Baltimore County, Md. They filed a joint income tax return for the calendar year 1940 with the collector of internal revenue for the district of Maryland. The petitioners' return for 1940 showed net income of $1,624.51 but no tax liability. On November 1, 1943, a deficiency assessment for 1940 was paid in the amount of $994.37, together with interest at $154.94. In arriving at the net income as shown on the income tax return petitioners claimed as a long-term capital loss on the sale of a residence building located at 911 Arlington Road, York, Pa., $22,296.50. The deduction of this *241 claimed loss was disallowed by the respondent in the determination of the deficiency. The petitioner Jean Small Fisher was the wife of Samuel Small, Jr., prior to and during 1927. In that year Samuel Small, Jr., and his wife purchased a lot at 911 Arlington Road, York, Pa., 186 feet by 110 feet for a consideration of $15,000 on which they erected a residence at a total cost of $72,566.08 and expended approximately $6,000 in caring for and landscaping the lot which made a total cost to the petitioners for the premises of approximately $93,000. On completion of the residence Samuel Small, Jr., and his wife occupied the premises until some time during the year 1930. Samuel Small, Jr., died in April, 1930. His widow occupied the residence until about November 1, 1930, at which time the residence was rented to William Rosenwald on a month to month basis for several months at a rental of $450 per month. Thereafter, from October 1, 1931, for a number of years the premises were rented to W. S. Shipley for a rental of $300 per month. During 1930 and 1931, W. S. Shipley and the widow of Samuel Small, Jr., now Jean Small Fisher, engaged in negotiations through Adam M. Smyser, real estate *242 broker, in regard to the sale of the premises to W. S. Shipley at prices ranging from a minimum of $60,000 to as high as $93,000. At some time during these proceedings W. S. Shipley made an offer of $60,000 for the premises but the widow, holding legal title to the property, rejected the offer upon the advice of the bank of which her former husband was president that the premises were worth from $75,000 to $80,000. The fair market value for the premises on November 1, 1930, at which time the property was rented, was $10,000 for the land and $45,000 for the building. Opinion The parties have stipulated that the only question in issue in this proceeding is the fair market value on November 1, 1930, of the premises located at 911 Arlington Road, York, Pa., and the allocation of such value between land and buildings thereon. It is the contention of the petitioners that that value was approximately $70,000. In support of their contention petitioners have offered in evidence a deposition of Irvin W. Shadle, real estate broker, of York, Pa., who deposed that in his judgment the fair market value of the premises on November 1, 1930, was $10,000 for the land and $50,000 for the building, *243 or a total of $60,000. Jean Small Fisher testified that she had received at some time during the year 1930 or 1931 an offer through her real estate broker of $60,000 from W. S. Shipley who later rented the property at $300 per month but that she had rejected the offer upon the advice of a bank in York, Pa., of which her deceased husband was formerly the president. She thought that she should receive from $75,000 to $80,000 for the property. The assessed value of the property in 1930 was $29,650. The assessed value of property in York usually is from one-third to one-half of the value at which the property will sell as between a willing buyer and a willing seller. The respondent, on the other hand, has introduced in evidence the testimony of Fred W. Logan, a real estate dealer of York, Pa., who testified that in his opinion the value of the property on November 1, 1930, was not in exces of $40,000; that he was familiar with the property and with real estate conditions in York, Pa., in 1930 and for many years prior and subsequent thereto. The respondent has also introduced in evidence the testimony of J. Richard Thomas, an appraiser with the engineering and valuation section of *244 the Bureau of Internal Revenue who testified that in his opinion the fair market value of the property on November 1, 1930, was $35,000. He was familiar with the property in 1931, having lived only two doors from the residence. He had seen the premises from the outside but had never been through the house. The respondent has made his determination of the deficiency upon the ground that the fair market value of the property on the basic date was $37,000, or $7,500 for the land and $29,500 for the building, and that depreciation had been sustained upon the building from November 1, 1930, to the date of the sale in 1940 of $9,346.06; in other words, the respondent has used as the fair market value of the building on November 1, 1930, the price at which the property was sold in 1940. We are satisfied that the building had a fair market value on November 1, 1930, of much more than $37,000. From a consideration of all of the evidence we have reached the conclusion that the fair market value of the premises on the basic date was $55,000, $10,000 of which value is to be allocated to the land, and $45,000 to the house and garage. Decision will be entered under Rule 50.